UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20800-CR-KING

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.

**CORWIN DANTZLE,**
    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

On or about March 8, 2012, court-appointed defense counsel Barry Butin ("Counsel") submitted a voucher application numbered FLS 10 4715 with appended time sheets requesting $12,083.50 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted an email dated March 8, 2012 in support of his voucher application.

Counsel represented Defendant Corwin Dantzle ("Defendant") for sixteen months from his appointment on March 21, 2010 until March 8, 2012 and seeks compensation for this time in the voucher application. Counsel seeks $12,083.50 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge James Lawrence King entered an Order of Reference **[DE # 228]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

-2-

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for two reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced by way of a criminal Complaint **[DE # 1]**. Thereafter, the grand jury returned an Indictment **[DE # 42]** against Defendant in November 2010.

In July 2011, the grand jury returned a Superseding Indictment **[DE # 127]** charging Defendant and one codefendant with several violent crimes. In Count I, Defendant was charged with conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). In Counts II, IV, VI and VIII, Defendant was charged with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) & 2. In Counts III, V, VII and IX, Defendant was charged with possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & 2.

Defendant faced a separate maximum term of twenty years imprisonment for each of the following Counts: I, II, IV, VI, and VIII. Defendant faced a term of life imprisonment on each of the four firearm possession charges.

Defendant proceeded to trial. The trial lasted for two days. Defendant was found guilty of Counts I, VI, VII, VIII and IX. **[See DE # 180]**. He was sentenced to a term of 401 months of imprisonment consisting of: 41 months as to each of Counts I, VI and VIII to be

served consecutively of each other; 60 months as to Count VII, to run consecutively to the term imposed for Counts I, VI and VIII and 300 months as to Count IX, to run consecutively to the terms imposed for Counts I, VI, VII and VIII. **[See DE # 221]**.

Second, there was a tremendous amount of discovery in this case. "Defendant was charged with four armed robberies that were to be tried together until the government did not proceed forward on two of the robberies at the time of the jury trial. Therefore I had to prepare for all four of the robberies where there was about 600 pages of discovery." (March 8, 2012 email).

Third, at one point during the case Defendant entered a guilty plea. This required Counsel to prepare for and participate in "numerous debriefings in this case with the government and agents. . . . [However, his] plea of guilty was eventually withdrawn." (March 8, 2012 email). Defendant's decision to plead guilty at one point required Counsel to expend a number of hours engaging in discussions with the prosecutor.

Fourth, when Defendant later changed his mind and withdrew his guilty plea, Counsel then had to prepare for trial in earnest. The trial lasted two days. As explained by Counsel in his March 8, 2012 email, the government intended to proceed to trial on all four robberies. The government decided not to proceed on two of the robberies just before the trial started. As a result, Counsel already prepared for the testimony of witnesses and law enforcement agents on all of the robberies. Counsel was required to expend a larger number of hours than normally generated in the average case.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 22.0 in-court hours totaling $2,750.00.

The CJA administrator also reviewed the 70.3 out-of-court hours sought by Counsel. Counsel sought compensation for 24.3 hours for "Interviews and conferences" and 15.3 hours for "Obtaining and reviewing records." Counsel also sought compensation for 0.7 hours for "Legal research and brief writing" and 30.0 hours for "Travel Time." Counsel sought $546.00 in "Travel Expenses."

### **In-Court Hours**[1]

Counsel sought compensation for 22.0 in-court hours totaling $2,750.00. The CJA administrator made one change to the total number of trial hours sought by Counsel, the CJA administrator decreased the trial hours to 14.5 (from 15.5 hours). This resulted in a total of 21.0 in-court hours or $2,625.00. I approve $2,625.00 as reasonable.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

## Out-of-Court Hours

In the voucher, Counsel sought compensation for 70.3 out-of-court hours. The CJA administrator reviewed the voucher and made one change to the number of out-of-court hours claimed by Counsel. The CJA administrator slightly increased the number of hours for "Obtaining and reviewing records" to 16.8 hours (from 15.3 hours). This resulted in a small increase in the total amount of out-of-court hours to 71.8 hours. This also resulted in a small increase for the total amount Counsel sought for out-of-court hours to $8,975.00 (from $8,787.50).

Although the majority of Counsel's time entries are appropriate, Counsel included some entries for clerical matters which are not eligible for reimbursement under the CJA. Specifically, I recommend that the time listed for the following entries be eliminated:

| | | |
|---|---|---|
| 11/2/10 | Interview father/mother in office<br>10:30 - 11:30 a.m. | 1.0 hours |
| 2/6/12 | Met with family in courthouse<br>pre-sent 8:30 - 9:30 | 1.0 hours |

I recommend that the above entries be eliminated because these entries represent time spent with Defendant's family that is not compensable. The "Supplemental Instructions for Completing CJA20 Vouchers" form provided by the Court makes clear that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." The time spent meeting with Defendant's family members to keep them informed about the case is "hand holding" that is not compensable under the CJA because it is not time which contributed to

Defendant's defense.

To Counsel's credit, when I asked about this time, he willingly conceded that such time might be objectionable and he agreed to waive his request for compensation of said time. Accordingly, I recommend that these entries be eliminated. This results in a reduction of 2.0 hours totaling $250.00.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $8,725.00 for his out-of-court hours.

### Expenses

Counsel sought $546.00 in "Travel Expenses." The CJA administrator increased this amount to $554.84. I hereby approve the $554.84 in "Travel Expenses."

### CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts in this case. As I explained above, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00.

Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $11,904.84 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable James Lawrence King, United States District Judge.

Signed this 12 day of April, 2012.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Barry Butin, Esq.
Lucy Lara, CJA administrator